

FILED

DEC - 9 2013

*JLNS*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 13-27293-E-7 |
| | ) |
| CHRISTOPHER BECK CROSBY and | ) |
| TANA MARIE CROSBY, | ) |
| | ) |
| Debtor(s). | ) |
|———————————————| ) |
| | ) |
| JAIME SANDOVAL and | ) Adv. Pro. No. 13-2306 |
| MARY SANDOVAL, | ) |
| | ) |
| Plaintiff(s), | ) |
| v. | ) <u>Pretrial Conference</u> |
| | ) DATE: October 15, 2014 |
| CHRISTOPHER BECK CROSBY, | ) TIME: 2:30 p.m. |
| | ) DEPT: E |
| Defendant(s). | ) |
|———————————————| ) |

## SCHEDULING ORDER

A status conference in the above-captioned adversary proceeding was held at 2:30 p.m. on December 4, 2013. Appearances were as stated on the record. The status conference was the scheduling conference to which reference is made in Federal Rules of Civil Procedure ("FRCP") 16 and 26, which are incorporated in Federal Rules of Bankruptcy Procedure ("FRBP") 7016 and 7026. Except where necessary for clarity, subsequent references to rules will be made only to the FRCP.

Pursuant to FRCP 16(b), it is hereby

**ORDERED**, that, pursuant to FRCP 26(d), the parties may seek discovery from any source.

**ORDERED**, that the following schedule is established for this Adversary Proceeding:

Last date to make initial disclosures:    December 12, 2013

Last date to disclose experts:    May 16, 2014

Last day to exchange expert reports:    May 16, 2014

Close of Non-Expert Witness Discovery
   [including hearing all discovery
   motions - to be set on the court's
   regular law and motion calendar]:    June 6, 2014

Close of Expert Witness Discovery
   [including hearing all discovery
   motions - to be set on the court's
   regular law and motion calendar]:    July 18, 2014

Dispositive motions heard by [to be
 set on the court's regular law
 and motion calendar]:    August 28, 2014

Pretrial Conference:    October 15, 2014
                                    at 2:30 p.m.

## COMPLIANCE WITH ALL FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULES OF COURT

**ORDERED**, that all parties, regardless as to whether represented by an attorney or in pro per, shall comply with the Federal Rules of Bankruptcy Procedure, Local Rules of Practice, and all General Orders of the Court. The Local Rules of Practice and General Orders may be reviewed at the Bankruptcy Court's website at www.caeb.uscourts.gov or may be obtained at the court clerk's office.

## CLOSE OF DISCOVERY

**ORDERED**, that close of discovery means that all discovery in this adversary proceeding of the designated kinds shall be completed by the date set forth above. The word "completed" means that all discovery shall have been conducted such that all

2

depositions (including expert depositions, if any) have been taken, interrogatories answered, documents produced, admissions made, and any disputes relative to discovery shall have been resolved by appropriate order, if necessary, and, where discovery has been ordered, compliance with the order has been achieved in all respects.

## DISCOVERY DISPUTES

**ORDERED**, that discovery disputes may be raised pursuant to FRCP 26 and 37. The parties involved in all such motions shall certify that they have met and conferred regarding the dispute and have made a reasonable effort to reach agreement on disputed matters.

The good faith requirement imposed by FRCP 37(a)(1) contemplates, among other things, that the parties meaningfully discuss the discovery dispute, and make a bonafide, good faith effort to resolve the dispute without court action. Good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate. The court will expect the parties to comply with the meet and confer standard set for in *Leimbach v. Thomas W. Lane*, 302 B.R. 75 (Bankr. ID 2003). If the moving party has failed to satisfy the meet and confer requirement of FRCP 37(a)(1), the court will generally summarily deny the motion.

**ORDERED**, that if a party files a motion with reference to a discovery dispute, the times specified in Local Rule 9014-1 are hereby shortened, so that, unless otherwise ordered, any hearing on a discovery dispute may be set for not less than ten (10) calendar days from the date of filing or service of the notice and

supporting papers, whichever is later, except that motions on a dispute relating to the conduct at depositions may be made, subject to the court's availability, by telephone at the time of deposition.  If a motion regarding a discovery dispute is set on less than 28 days' notice, the responding party need not file opposition, but may appear at the hearing and oppose the motion. In this event the court may allow further time for the responding party to file written opposition.

**ORDERED,** that discovery motions that are heard on written motion will be heard on any law and motion date for Chapter 7 and Chapter 11 matters.  These dates are periodically published on the court's Self-Set Calendar which is available on the court's webpage, www.caeb.uscourts.gov.

**ORDERED,** that if a party files a motion with reference to a discovery dispute, evidence from both parties of their fees and expenses incurred in preparation of the motion should be presented so the court may make an award contemporaneously with its ruling on the discovery motion, as contemplated by FRCP 37(a)(4).

<b>MOTIONS</b>

**ORDERED,** that required motions, including dispositive motions, must be heard by the date(s) set forth above.  If any party believes or has asserted by way of affirmative defense that all or any part of the complaint or a counterclaim fails to state a claim upon which relief can be granted, such party shall schedule (on normal notice) a hearing on a motion asserting that contention by the date set forth above if applicable.  Failure to schedule such a motion by the date set forth above constitutes a waiver of the contention that all or any part of the complaint or counterclaim

1  fails to state a claim upon which relief can be granted.
2  Dispositive motions shall be determined on declarations pursuant to
3  FRBP 7056 and 9017 and FRCP 43(e) and 56.

4                    **PRETRIAL CONFERENCE**

5      **ORDERED,** that a pretrial conference is set by the court for
6  **October 15, 2014, at 2:30 p.m.** to be held in Courtroom 33, United
7  States Courthouse, 501 I Street, Sixth Floor, Sacramento,
8  California.

9                    **PRETRIAL STATEMENTS**

10     **ORDERED,** that a pretrial statement must be filed and served by
11 each party no later than seven court days prior to the scheduled
12 pretrial conference.  Each party's pretrial statement shall state
13 the name of the party or parties on whose behalf it is presented
14 and set forth the nature of the action and the following matters,
15 under the following captions, and in the following order:

16          (1) Jurisdiction-Venue.  The factual and statutory basis
17 of federal jurisdiction and venue, whether there is any dispute
18 concerning jurisdiction or venue, and whether this is a core
19 proceeding.

20          (2)  Undisputed Factual Issues.  A plain, concise
21 statement of each element of each claim or defense that is
22 undisputed and does not require proof at trial.  The parties shall
23 have, or be prepared to state at the pre-trial conference, all of
24 the undisputed facts for which an agreed statement of facts shall
25 be executed and filed within 10 days of the completion of the pre-
26 trial conference.

27          (3) Disputed Factual Issues.  A plain, concise statement
28 of each element of each claim or defense (and any related essential

5

facts) that is disputed and that requires proof at trial.

(4) <u>Disputed Evidentiary Issues</u>.  A plain, concise summary of any reasonably anticipated disputes concerning admissibility of evidence.

(5) <u>Relief Sought</u>.  The elements of monetary damage, if any, and the specific nature of any other relief sought.

(6) <u>Points of Law</u>.  A statement of the legal theory or theories of recovery or of defense and of any points of law (substantive or procedural) that are or may reasonably be expected to be in controversy, citing the pertinent statutes, rules, cases, and other authorities relied upon.  Extended legal argument is not required in the pretrial statement.

(7) <u>Abandoned Issues</u>.  A statement of all issues raised by the pleadings that have been abandoned, including, for example, claims for relief and affirmative defenses.

(8) <u>Witnesses</u>.  A list (names and addresses) of all prospective witnesses, and designating those who are expert witnesses.  Only witnesses so listed will be permitted to testify at trial, except true rebuttal witnesses in the court's discretion and except as otherwise provided by the pretrial order. Unless the court directs otherwise, the alternate direct testimony procedure (direct testimony submitted by declaration) will be used at trial, and all witnesses shall be presented for live direct and cross-examination.

(9) <u>Exhibits - Schedules and Summaries</u>.  A list of documents or other exhibits that the party expects to offer at trial, except documents or other exhibits used solely for impeachment.  Only exhibits so listed may be offered at trial,

expect documents or other exhibits used solely for impeachment. Only exhibits so listed may be offered at trial, except as other provided in the pretrial order.

(10) <u>Discovery Documents</u>.   A list of all deposition excerpts, answers to interrogatories, and responses to requests for admissions that the party expects to offer at trial.

(11) <u>Further Discovery or Motions</u>.   Any requests for further discovery or pretrial motions shall set forth the grounds for relief from this scheduling order.   Requests for relief from this scheduling order are not favored and will ordinarily be denied unless the moving party makes a strong showing of diligence in complying with this scheduling order.

(12) <u>Stipulations</u>. Any stipulations requested or offered for pretrial or trial purposes.

(13) <u>Amendments - Dismissals</u>.   Any requests for amendments to pleadings, dismissals, additions, or substitutions of parties shall set forth the grounds for relief from this scheduling order.   Requests for relief from this scheduling order are not favored and will ordinarily be denied unless the moving party makes a strong showing of diligence in complying with this scheduling order.

(14) <u>Agreed Statements</u>. A statement whether presentation of all or part of the action upon an Agreed Statement of Facts is feasible and advisable.

(15) <u>Attorney's Fees</u>.   A statement whether attorney's fees are sought and the basis therefor.

(16) <u>Miscellaneous</u>.   Any other appropriate comments, suggestions, or information that might aid in the disposition of

1   the action, including reference to any matters set forth in Federal

2   Rule of Civil Procedure 16 (c) and Federal Rule of Bankruptcy

3   Procedure 7016.

4   (17) <u>Estimated Time for Trial</u>.   A statement with the

5   estimated time needed for trial.

6                          **MODIFICATION**

7   **ORDERED**, that this scheduling order may be modified, for

8   cause, only on the motion of a party or on a court-approved

9   stipulation among all parties.   Except for motions made and

10  stipulations presented within thirty days after the date hereof

11  based on conflicts created by the dates chosen by the court,

12  requests for relief from or modification of this scheduling order

13  are not favored and will ordinarily be denied unless the moving

14  party makes a strong showing of diligence in complying with this

15  scheduling order.

16             **SANCTIONS FOR FAILURE TO COMPLY**

17  **ORDERED**, that if any party fails to comply with any provision

18  of this order, the court may issue sanctions as appropriate and

19  commemorated under FRCP, Local Rules of Practice, or other

20  applicable statute, or orders, or rules.

21  Dated: December **9** , 2013

22

23

24                          Ronald H. Sargis, Judge
                            United States Bankruptcy Court

25

26

27

28

8

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

   Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __XX____ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Sean Gavin
3841 North Freeway Blvd., #185
Sacramento, CA 95834