STEPHEN C. RUEHMANN (167533)
*steve@ruehmannlawfirm.com*
**RUEHMANN LAW FIRM, P.C.**
770 L Street, Suite 950
Sacramento, CA 95814
(916) 449-3939

Attorney for Defendant
Christopher Beck Crosby

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| In re:<br><br>CHRISTOPHER BECK CROSBY and<br><br>TANA MARIE CROSBY,<br><br>　　　　Debtors.<br><br>―――――――――――――――<br><br>JAIME SANDOVAL and MARY<br><br>SANDOVAL,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CHRISTOPHER BECK CROSBY,<br><br>　　　　Defendant.<br>―――――――――――――――  | Case No: 13-27293<br>Adv. No:   13-02306<br><br>SCR-3<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (FRCP 12(c)) OR, ALTERNTIVELY, FOR SUMMARY JUDGMENT (FRCP 56)**<br><br>**Date:  August 28, 2014**<br>**Time: 1:30 p.m.**<br>**Sixth floor, Courtroom 33**<br><br>**Hon. Ronald H. Sargis** |

### I.    INTRODUCTION

Defendant's Motion for Judgment on the Pleadings under FRCP 12(c) is made on the grounds that Plaintiffs' Complaint fails to state claims on which relief can be granted and Defendant is entitled to judgment as a matter of law.  With respect to this Plaintiffs have failed to

adequately plead their claim under 11 U.S.C. § 523(a)(2) as they have not alleged facts which, if accepted as true, would establish that Defendant knowingly made a false statement of material fact with the intent to defraud them. Further, Plaintiffs have failed to adequately plead their claim under 11 U.S.C. § 523(a)(6) as they have not alleged facts which, if accepted as true, would establish that Defendant willfully and maliciously injured them. Plaintiffs have instead alleged either simple negligence or a breach of contract which – even if intentional – fails to meet the standard for non-dischargeability set forth in *Lockerby v. Sierra*, 535 F.3d 1038 (9th Cir. 2008). Defendant accordingly seeks an order dismissing Plaintiffs' complaint.

Defendant's Alternative Motion for Summary Judgment under FRCP 56 is made on the grounds that no material facts are in dispute and Defendant is entitled to judgment as a matter of law. In this regard, both of Plaintiffs' claims were thoroughly adjudicated in the underlying JAMS Arbitration and Plaintiffs are barred from re-litigating said claims under the doctrine of collateral estoppel. The Arbitrator specifically determined that Plaintiffs failed to prove Defendant knowingly made false representations to them and further that Plaintiffs failed to prove Defendant acted with malice. Those determinations conclusively defeat Plaintiffs' claims. Accordingly, Defendant alternatively seeks a determination that Plaintiffs' claims are in fact dischargeable and that judgment in his favor be entered.

## II. STATEMENT OF FACTS

On February 23, 2010, Plaintiffs filed a cross-complaint against Defendant[1] for Breach of Contract, Fraud, and various violations of the California Business and Professions Code" in El Dorado Superior Court case number PCL 20091195. Defendant successfully compelled contractual arbitration of the Cross-Complaint. (Complaint ¶ 5; Defendant's Statement of Undisputed Facts ("DSUF") No. 1.)

On March 24, 2010, Plaintiffs filed a cross-complaint against Crosby[2] for Breach of Contract, Fraud, and various violations of the California Business and Professions Code in El

---

[1] Plaintiffs' cross-complaint also named Crosby Homes, Inc., as a defendant, which claims were identical to those alleged against Crosby.

[2] Plaintiffs' cross-complaint also named Crosby Homes, Inc., as a defendant, which claims were again identical to those alleged against Crosby.

Dorado Superior Court case number PCL 20091175.   Thereafter, Plaintiffs and Defendant entered into a stipulation to resolve the Cross-Complaint through binding arbitration. (Complaint ¶ 6; DSUF No. 2.)

Pursuant to both the court-ordered arbitration and the stipulated order to arbitration, Plaintiffs and Defendant submitted both matters jointly to a single arbitration.  The consolidated matter came on for trial before the Honorable Donald Person (Ret.) on August 2, 2011.  Plaintiffs appeared and testified and were represented by and through their counsel at the arbitration. (Complaint ¶ 8; DSUF No. 3.)   On August 31, 2011, Judge Person issued a Final Award in favor of Plaintiffs and against Crosby and CHI (Crosby Homes, Inc.).  (Complaint ¶ 10, DSUF No. 4.) The Final Award was for the sum of $217,077 against Crosby and CHI jointly and severally for delay damages.  The arbitrator also awarded Plaintiffs $897,385 against CHI individually for subcontractor liens and the burdened cost of repair.  Plaintiffs subsequently filed a Petition to Confirm Arbitration Award, and on March 15, 2012, the El Dorado Superior Court issued Judgment against Crosby and CHI.  (Complaint ¶ 11, DSUF Nos. 5 - 6.)

In the instant case Plaintiffs seek to recover $1,114,462 from Crosby individually, which is the total of the $217,077 awarded against Crosby and CHI jointly and severally *plus the $897,385 awarded against CHI alone*.  Plaintiffs do not delineate between the two distinct awards (one joint and several, one individual) in their Complaint, instead alleging that the *total* award amount of $1,114,462 was awarded jointly and severally.  (Complaint ¶ 11, prayer for relief item 1; DSUF No. 7.)

At the arbitration, Plaintiffs presented claims for breach of contract and various torts, including fraud.  In this respect, Plaintiffs contended that Defendant "knew when the contract was entered into and when he represented the construction schedule to Claimants, that the project would not be completed on time."  The arbitrator rejected this claim, finding that the evidence submitted by Plaintiffs "relates to events that took place after those critical times and thus do not necessarily bear on Mr. Crosby's then present state of mind."  (DSUF No. 9.)  He also denied Plaintiffs' claim that Defendant "misrepresented the move in ready status of the project" because they "did not sufficiently prove what Mr. Crosby did or did not know at that time."  (DSUF No.

10.) The arbitrator denied Plaintiffs' claim for diversion of funds as they "did not submit sufficient evidence to sustain their burden of proof on this contention." (DSUF 11.)

The arbitrator specifically found that Plaintiffs' could not recover punitive damages because they "did not prove malice in fact necessary to justify an award of punitive damages." (DSUF No. 12.) Finally, the arbitrator ruled that "any and all claims and defenses submitted to this arbitration and not awarded or otherwise provided for herein, are denied." (DSUF.)

## II. STANDARD OF REVIEW

Motions for judgment on the pleadings under FRCP 12(c) must be granted when, even if all material facts in the complaint are true, the moving party is entitled to judgment as a matter of law. (*Fleming v. Pickard,* 581 F.3d 922, 925(9th Cir. 2009).) To defeat a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. (*Johnson v. Rowley*, 569 F.3d 40, 43-44 (2nd Cir. 2009).)

Motions for summary judgment under FRCP 56 must be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (FRCP 56(a).) The opposing party must, in response, designate specific facts showing that there is a genuine issue for trial. (FRCP 56(e); *Lake Nacimiento Ranch v. San Luis Obispo County*, 830 F.2d 977, 979-980 (9th Cir. 1987); *In re Powerburst Corporation*, 154 B.R. 307, 309-310 (Bankr.E.D.Cal. 1993.)

## IV. ARGUMENT

**A. Defendant is Entitled to Judgment on the Pleadings as to Plaintiffs' 11 U.S.C. § 523(a)(2) Cause of Action**

The elements of a cause of action under Section 523(a)(2) are: (1) misrepresentation, fraudulent concealment or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damages to the creditor proximately caused by its reliance on the debtor's statement or conduct. (*Turtle Rock Meadows Homeowners Association v. Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000.)

While Plaintiffs' Complaint is certainly full of factual allegations regarding the parties'

contract and various breaches thereof, it is entirely devoid of any factual allegations that Defendant knowingly made false statements to Plaintiffs, much less that Defendant knew any of the statements he made were false when made. Plaintiffs' sole allegations in this respect are recited in paragraph 73, and even those are conclusions rather than specific factual allegations. As alleged by Plaintiffs: "The false pretenses and fraud of Defendant include making false representations about when construction on the house would be completed, whether Defendant would complete construction on the house at all, whether the work Defendant completed on the house would be of the quality originally proposed, and whether Defendant would pay the subcontractors he hired for the construction." Plaintiffs fail to specify that Defendant knowingly made any false statement much less that he knew any statement he made was false when made. Accordingly, Plaintiffs first cause of action is deficient and must be dismissed.

**B. Defendant is Entitled to Judgment on the Pleadings as to Plaintiffs' 11 U.S.C. 523(a)(6) Cause of Action**

Plaintiffs' allegations in support of their 523(a)(6) cause of action are even more spare, consisting entirely of the following: "the debts referred to herein are not dischargeable, as said debts were incurred through willful and malicious conduct and caused willful and malicious injury to Plaintiffs." (Complaint, paragraph 75.) As with their fraud claim, Plaintiffs fail to specifically allege any malicious conduct (which requires intent on the part of Defendant) in any of their 58 paragraphs of factual contentions, which as noted above relate to breaches of contract and statements regarding when the project would be complete.

Breaches of contract – even if intentional – are not actionable under Section 523(a)(6). *Lockerby v. Sierra*, 535 F.3d 1038, 1042-1043 (9th Cir. 2008); see also *Rice, Heitman & Davis S.C. v. Sasse* (*In re Sasse*), 438 B.R. 631, 648 (Bankr. W.D. Wis. 2010) ["intentional breach of contract is not fraud under Section 523(a)(6), and a promise about future acts, without more, likewise does not constitute a misrepresentation"].) Again, Plaintiffs fail to specify what "willful and malicious" conduct Defendant engaged in. Rather, they allege simply that Defendant made numerous promises which he ultimately did not keep. That's insufficient for a 523(a)(6) cause of action.

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

**C. Defendant is Alternatively Entitled to Summary Judgment as Plaintiffs are Collaterally Estopped From Re-Litigating Claims Decided by the Arbitration**

The principles of collateral estoppel apply to binding arbitration decisions which result in judgments just as they do to other judicial proceedings. Thus, every issue decided in the parties' prior binding JAMS Arbitration is resolved and may not be re-litigated here. Unfortunately for Plaintiffs, the arbitrator rejected the precise claims Plaintiffs make in the instant case.

At the arbitration, Plaintiffs presented claims for breach of contract and various torts, including fraud. In this respect, Plaintiffs contended that Defendant "knew when the contract was entered into and when he represented the construction schedule to Claimants, that the project would not be completed on time." The arbitrator rejected this claim, finding that the evidence submitted by Plaintiffs "relates to events that took place after those critical times and thus do not necessarily bear on Mr. Crosby's then present state of mind." (DSUF No. 9.) He also denied Plaintiffs' claim that Defendant "misrepresented the move in ready status of the project" because they "did not sufficiently prove what Mr. Crosby did or did not know at that time." (DSUF No. 10.) The arbitrator denied Plaintiffs' claim for diversion of funds as they "did not submit sufficient evidence to sustain their burden of proof on this contention." (DSUF 11.)

The arbitrator specifically found that Plaintiffs' could not recover punitive damages because they "did not prove malice in fact necessary to justify an award of punitive damages." (DSUF No. 12.) Finally, the arbitrator ruled that "any and all claims and defenses submitted to this arbitration and not awarded or otherwise provided for herein, are denied." (DSUF 13.)

Plaintiffs are bound by the Final Award issued in the prior JAMS Arbitration and all of the determinations made by the arbitrator therein. That decision precludes Plaintiffs' fraud claims as a matter of law, and also conclusively establishes that Defendant did not act maliciously. Plaintiffs cannot take a second bite at the apple.

/ / /

/ / /

/ / /

/ / /

## V.    CONCLUSION

For all the foregoing reasons Plaintiffs' Complaint should be dismissed under Rule 12(c) or, alternatively, Defendant is entitled to summary judgment in his favor under Rule 56.

Dated:  July 31, 2014                                  Respectfully,

*/s/ Stephen C. Ruehmann*
Stephen C. Ruehmann, Esq.
Attorney for Defendant CHRISTOPHER BECK CROSBY