STEPHEN C. RUEHMANN (167533)
*steve@ruehmannlawfirm.com*
**RUEHMANN LAW FIRM, P.C.**
770 L Street, Suite 950
Sacramento, CA 95814
(916) 449-3939

Attorney for Defendant
Christopher Beck Crosby

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| In re:<br><br>CHRISTOPHER BECK CROSBY and<br><br>TANA MARIE CROSBY,<br><br>    Debtors.<br><br>―――――――――――――――<br><br>JAIME SANDOVAL and MARY<br><br>SANDOVAL,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTOPHER BECK CROSBY,<br><br>    Defendant. | Case No:  13-27293<br>Adv. No:   13-02306<br><br>SCR-6<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6))**<br><br>**Date:  December 11, 2014**<br>**Time: 1:30 p.m.**<br>**Sixth floor, Courtroom 33**<br><br>**Hon. Ronald H. Sargis** |

### I.    INTRODUCTION

Defendant's Motion to dismiss Plaintiffs' First Amended Complaint ("FAC") for failure to state a claim on which relief can be granted under FRCP 12(b)(6) is made on the grounds that Plaintiffs' Amended Complaint fails to state claims on which relief can be granted and

Defendant is entitled to judgment as a matter of law.

Despite being provided the opportunity to amend their initial complaint, Plaintiffs still fail to adequately plead their claim under 11 U.S.C. § 523(a)(2) as they have not alleged facts which, if accepted as true, would establish that Defendant knowingly made a false statement of material fact with the intent to defraud them upon which Plaintiffs' reasonably relied. (See Further, Plaintiffs have failed to adequately plead their claim under 11 U.S.C. § 523(a)(6) as they have not alleged facts which, if accepted as true, would establish that Defendant willfully and maliciously injured them by committing a tort *separate and apart* from his alleged intentional breach of contract. (*In re Jercich*, 238 F.3d 1202, 1206 (9th Cir. 2001); *Lockerby v. Sierra*, 535 F.3d 1038 (9th Cir. 2008).) Plaintiffs' claims are dischargeable and this case should be dismissed.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about June 26, 2007, Plaintiffs entered into a written contract with Defendant for the construction of a single-family residence in El Dorado Hills. Pursuant to that contract, construction "was to commence on August 15, 2007 with an *approximate* completion date of May 15, 2008 (i.e., approximately nine months after commencement). (FAC ¶ 13 (emphasis added).) Delays to completion within the initial nine-month period occurred for a variety of reasons, and the parties subsequently agreed (in September of 2008) to extend the estimated completion date of January 19, 2009. (FAC ¶ 26.) Further delays followed that estimation (see FAC ¶¶ 36 and 46), and construction ultimately stopped "in or around June of 2009." (FAC ¶ 48.)

Complaints and cross-complaints in the El Dorado County Superior Court followed.

On February 23, 2010, Plaintiffs filed a cross-complaint against Defendant[1] for "Breach of Contract, Fraud, and various violations of the California Business and Professions Code" in El Dorado Superior Court case number PCL 20091195. Defendant successfully compelled contractual arbitration of the Cross-Complaint. (FAC ¶ 5.)

---

[1] Plaintiffs' cross-complaint also named Crosby Homes, Inc., as a defendant, which claims were identical to those alleged against Crosby.

On March 24, 2010, Plaintiffs filed a cross-complaint against Crosby[2] for Breach of Contract, Fraud, and various violations of the California Business and Professions Code in El Dorado Superior Court case number PCL 20091175.  Thereafter, Plaintiffs and Defendant entered into a stipulation to resolve the Cross-Complaint through binding arbitration.  (FAC ¶ 6.)

Pursuant to both the court-ordered arbitration and the stipulated order to arbitration, Plaintiffs and Defendant submitted both matters jointly to a single arbitration.  The consolidated matter came on for trial before the Honorable Donald Person (Ret.) on August 2, 2011.  Plaintiffs appeared and testified and were represented by and through their counsel at the arbitration. (FAC ¶ 8.)  On August 31, 2011, Judge Person issued a Final Award in favor of Plaintiffs and against Crosby and CHI (Crosby Homes, Inc.).  (FAC ¶ 10.)  The Final Award was for the sum of $217,077 against Crosby and CHI jointly and severally for delay damages.  (See Arbitration Award, Exhibit 1 to declaration in support of motion for judgment on the pleadings [Doc 28].) The arbitrator also awarded Plaintiffs $897,385 against CHI individually for subcontractor liens and the burdened cost of repair.  Plaintiffs subsequently filed a Petition to Confirm Arbitration Award, and on March 15, 2012, the El Dorado Superior Court issued Judgment against Crosby and CHI.  (FAC ¶ 11.)

In the instant case Plaintiffs seek to recover $1,114,462 from Crosby individually, which is the total of the $217,077 awarded against Crosby and CHI jointly and severally *plus the $897,385 awarded against CHI alone*.  Plaintiffs do not delineate between the two distinct awards (one joint and several, one individual) in their FAC, instead alleging that the *total* award amount of $1,114,462 was awarded jointly and severally.  (FAC ¶ 11.)  This allegation is misleading, at best.

At the arbitration, Plaintiffs presented claims for breach of contract and various torts, including fraud. In this respect, Plaintiffs contended that Defendant "knew when the contract was entered into and when he represented the construction schedule to Claimants, that the project would not be completed on time."  The arbitrator rejected this claim, finding that the evidence

---

[2] Plaintiffs' cross-complaint also named Crosby Homes, Inc., as a defendant, which claims were again identical to those alleged against Crosby.

submitted by Plaintiffs "relates to events that took place after those critical times and thus do not necessarily bear on Mr. Crosby's then present state of mind." He also denied Plaintiffs' claim that Defendant "misrepresented the move in ready status of the project" because they "did not sufficiently prove what Mr. Crosby did or did not know at that time."

The arbitrator also found no separate tortious conduct on the part of Defendant, finding instead a breach of contract. Importantly, the arbitrator ruled that "any and all claims and defenses submitted to this arbitration and not awarded or otherwise provided for herein, are denied."

Plaintiffs proceeded to obtain a judgment on the arbitrator's decision.

Defendant filed for bankruptcy in 2013. Relying upon the arbitration award and resulting judgment, Plaintiffs filed their initial complaint in this adversary action on September 30, 2013 [dckt. 1]. Defendant filed a motion for judgment on the pleadings or, alternatively, for summary judgment on July 31, 2014 [dckt 27]. A copy of the arbitration award was submitted in support of those motions [dckt. 28] and considered by the Court in its tentative decision. The Court tentatively granted Defendant's motion for judgment on the pleadings and tentatively granted (in part) Defendant's motion for summary judgment. However, in the interests of fair play given the lack of opposition by Plaintiffs (apparently due to confusion as to which counsel was to file one) and of judicial economy, Defendant stipulated to permitting Plaintiffs an opportunity to file an amended complaint. The FAC was filed on September 12, 2014.

### III.    STANDARD OF REVIEW

As stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. (*Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).) A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (*Id.*, at 556.) The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (*Ibid.*) Where are complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." (*Id.*, at 557.)

The Court, drawing "on its judicial experience and common sense," must decide in the specific context of the case whether the factual allegations, if assumed true, allege a plausible claim. (*Ashcroft, supra*.)

Plaintiffs must "plead around" defenses disclosed on the face of their complaints in order to state a claim on which relief may be granted. (*Xechern, Inc. v. Bristol-Meyers Squibb Co.*, 373 F.3d 899, 901 (7th Cir. 2004).) Allegations in an amended complaint that are inconsistent with an earlier complaint – or that are internally inconsistent – may also be considered "false and sham" and the Court may dismiss such an amended complaint for failure to state a claim. (*Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324 (Fed.Cir.1998).) "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts. (*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, fn. 1 (9th Cir.1997).)

## IV.   ARGUMENT

### A. Defendant is Entitled to Judgment on the Pleadings as to Plaintiffs' 11 U.S.C. § 523(a)(2) Cause of Action

The elements of a cause of action under Section 523(a)(2) are: (1) misrepresentation, fraudulent concealment or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damages to the creditor proximately caused by its reliance on the debtor's statement or conduct. (*Turtle Rock Meadows Homeowners Association v. Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000).)

Plaintiffs' FAC and the causes of action therein simply restate the facts and conclusions contained in their initial Complaint. (Compare Complaint [Doc 1] with FAC [Doc 42] , ¶¶ 1 – 73.) The only "new" allegations in the FAC appear in paragraphs 74 – 84 and (are repeated verbatim) in paragraphs 88 – 98. However, the "new" allegations regarding Defendant's purported knowledge that he could not keep a pre-contracting alleged verbal promise to complete the project within six months (¶¶ 74 – 78 and 88 – 92), and that Plaintiffs relied upon that alleged verbal promise in deciding to enter into a subsequent written agreement (¶¶ 81 – 84 and 95 – 98),

are *contrary to other allegations* in the initial Complaint and in the FAC and thus are implausible on their face.

Indeed, Plaintiffs' fraud claim and their willful and malicious injury claim rest entirely upon the contention that Defendant made a verbal promise to complete the construction project at issue in six months or less, that he knew he could not do so when he made the verbal promise, that he intended to harm Plaintiffs by making the verbal promise, and that Plaintiffs relied upon this verbal promise to their detriment. However, Plaintiffs' allegations regarding the alleged verbal promise of completion within six months prior (upon which Plaintiffs purportedly relied to their detriment) are absolutely inconsistent with the resulting written contract as specifically alleged in paragraph 13 of the FAC. Pursuant to that contract, construction "was to commence on August 15, 2007 with an *approximate* completion date of May 15, 2008 (i.e., approximately nine months after commencement). (Id., ¶ 13 (emphasis added).) Delays to completion within the initial nine-month estimated completion date occurred for a variety of reasons, and the parties subsequently agreed (in September of 2008) to extend the estimated completion date of January 19, 2009. (Id., ¶ 26.) Further delays followed that estimation (see FAC ¶¶ 36 and 46), and construction ultimately stopped "in or around June of 2009." (FAC ¶ 48.)

The specific factual allegations regarding the parties written agreement are absolutely inconsistent with Plaintiffs contention that they relied upon a prior verbal promise to complete within six months and that they suffered damages as the project was not completed in that timeframe. Even if we assume that Defendant did say he could complete the project in six months, Plaintiffs then proceeded to agree to a nine month estimated completion date. Those facts – as alleged repeatedly by Plaintiffs themselves – absolutely defeat reliance and spell the death knell of the fraud claim made in the first cause of action. Plaintiffs' first cause of action is deficient and must be dismissed.

**B. Defendant is Entitled to Judgment on the Pleadings as to Plaintiffs' 11 U.S.C. 523(a)(6) Cause of Action**

Plaintiffs' allegations in support of their 523(a)(6) in the FAC are mere repeats of those added to their 523(a)(2) cause of action and the above argument applies equally to this claim.

Moreover, Plaintiffs have failed to allege any other or separate tortious conduct by Defendant. Plaintiffs fail to specifically allege any malicious conduct (which requires intent on the part of Defendant), rather continuing to rely on their flawed theory of fraud in the inducement. What they have really alleged is an intentional breach of contract or a negligent misrepresentation (at best – much more likely is that any statement by Defendant that he could complete the project in six months was mere sales puffery).

But sales puffery not reflected in the parties subsequent contract does not amount to fraud. Further, breaches of contract – even if intentional – are not actionable under Section 523(a)(6). (*Lockerby v. Sierra*, 535 F.3d 1038, 1042-1043 (9th Cir. 2008); see also *Rice, Heitman & Davis S.C. v. Sasse* (*In re Sasse*), 438 B.R. 631, 648 (Bankr. W.D. Wis. 2010) ["intentional breach of contract is not fraud under Section 523(a)(6), and a promise about future acts, without more, likewise does not constitute a misrepresentation"].) Again, Plaintiffs fail to specify what "willful and malicious" conduct Defendant engaged in apart from a pre-contract boast that was not incorporated into the parties' written agreement. That is patently insufficient for a 523(a)(6) cause of action and this claim must also be dismissed.

## V.    CONCLUSION

At bottom, Plaintiffs are attempting to convert an arbitration award and judgment for breach of contract into a fraud claim. That effort was rejected by the arbitrator and should be rejected by this Court. Plaintiffs have made allegations in their initial complaint and the FAC which are inconsistent with their purported reliance upon a six month completion promise by Defendant; their claims are simply not plausible. The time has come to end this litigation and the FAC should be dismissed with prejudice.

Dated:  October 30, 2014                                                        Respectfully,

*/s/ Stephen C. Ruehmann*
Stephen C. Ruehmann, Esq.
Attorney for Defendant CHRISTOPHER BECK CROSBY